Brinkerhorr, C. J.
This was not an action for the recovery of money only, nor for the recovery of specific real or personal property; but was an action, in the nature of a bill in chancery, for the enforcement of an express trust, and for an account by the trustee to his cestui que trust. It was, therefore, a matter of discretion in the court below, whether it would submit any questions ■of fact, and if so, what questions, involved in the case, to be tried ¡by a jury. It in fact submitted to the jury but two questions; and ;as the instructions to the jury asked for and refused, had no relevancy *to the questions submitted to the jury, there could be mo error in refusing them, however pertinent they might have been to other parts of the case. This disposes of the first assignment <of error.
Exception is taken in argument here, though none was taken ¡in the court below, so far as appears from the record, that the ver<dict of the jury does not respond to one of the questions submitted to them by the Gourt; the question submitted being, whether Young’s executor had any notice of the trust, and their answer being that he had not “ sufficient notice.” Now, the question of notice, ¡and its sufficiency, was a mixed question of law and of fact, in re•gard to which, it is to be presumed, the court below gave the jury proper instructions ; and giving to the court below the benefit of this presumption, we think the verdict on this point was sufficiently ’responsive to the question submitted, and fairly enough answers it •in-the negative.
There was evidence, as is shown by the record, to sustain the ifinding of the jury on this point; they and the court below had *163 better means of judging of its credibility than we can have; and we are not.disposed to disturb it.
The executor of Young, then, having had no notice of the existence of the trust in favor of the estate he represented, he would not be barred from the enforcement of his rights by any lapse of time'. Time would not begin to run against him until he acquired, or might fairly be presumed to have acquired, knowledge of his rights in the premises. Hill on Trustees, 168, 583.
Loring, by accepting the assignment from Sontag, and the purchase of the “ labratory property,” became fully vested with the trust for the benefit of Young’s estate ; and he could be discharged from the obligations which that trust imposed, only by their fulfillment, or by the refusal of the representative of Young’s estate to accept its benefits upon the conditions annexed, or some act, or omission *to act, equivalent to such refusal. The trust was not fulfilled, and no such refusal, or its equivalent, is made apparent in the record.
But by a recurrence to the terms of the assignment from Sontag to Loring, it will be observed that the assignment was to operate as a trust in favor of the executor of Young, only on condition that he released Sontag, the assignor, from all obligations. And it is contended that such release was not proved, and that therefore the court below erred in giving effect to the trust.
Young’s executor, in his answer, alleged that such release had been duly executed. This was denied in the reply; and on the trial there was a failure to prove the due execution of the paper produced, purporting to be such release. But Young’s executor' having been brought into court as a defendant, appeared and claimed the benefit of a trust, which he was entitled to only on the condition of such a release. His answer, which is part of the record, alleges its existence; and this record will therefore forever operate to estop him from denying it. It seems to us, therefore, that this error, if error it be, can never operate to the injury of the plaintiffs in error, or any of them. The record itself is equivalent to the release, of the absence of which they complain.
On the whole we can see no error in the record and proceedings of the court below of which the plaintiffs in error can complain.

Judgment affirmed.

Scott, Sutliff, Peck,'and G-holson, JJ., concurred.